IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TIFINY DAWN BRINER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-513-K |
| | § | |
| JOSHUA INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

After Plaintiff Tifiny Dawn Briner filed a first amended complaint [Dkt. No. 32], Defendant Joshua Independent School District ("JISD" or the "District") answered, *see* Dkt. No. 33. Briner then designated expert witnesses. *See* Dkt. No. 34. And JISD moved to exclude their testimony, *see* Dkt. No. 35, and for summary judgment on Briner's claims, *see* Dkt. No. 36.

The parties briefed both motions filed by JISD, and the District moved to strike Briner's summary-judgment evidence. *See* Dkt. Nos. 37-43.

United States District Judge Ed Kinkeade then referred the three motions (to exclude expert testimony, for summary judgment, and to strike evidence) to the undersigned United States magistrate judge for, as applicable, determination or recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 44.

And, on November 18, 2025, the Court, accepting the undersigned's recommendation, granted in part and denied in part JISD's motion to strike Briner's

summary-judgment evidence, to the extent that the Court denied the motion to strike

as submitted and instead treated it as objections accounted for in considering the

motion for summary judgment, which the Court also granted in part and denied in

part, to the extent that the District was granted summary judgment on all Briner's

claims but for her claim of retaliation under the Americans with Disabilities Act (the

"ADA" or the "ADAAA") and the Court denied JISD summary judgment on its

affirmative defenses of res judicata and collateral estoppel. *See Briner v. Joshua*

*Indep. Sch. Dist.*, No. 3:24-cv-513-K, 2025 WL 3221479 (N.D. Tex. Oct. 16, 2025), *rec.*

*accepted*, 2025 WL 3218984 (N.D. Tex. Nov. 18, 2025).

Considering the reduced scope of this lawsuit, the undersigned now addresses

the motion to exclude the expert testimony designated by Briner.

"In its gatekeeping role, the Court determines the admissibility of expert

testimony based on [Federal Rule of Evidence] 702 and [*Daubert v. Merrell Dow*

*Pharms., Inc.*, 509 U.S. 579, 589 (1993),] and its progeny." *Jacked Up, LLC v. Sara*

*Lee Corp.*, 291 F. Supp. 3d 795, 800 (N.D. Tex. 2018), *aff'd*, No. 3:11-cv-3296-L, 2018

WL 2064126 (N.D. Tex. May 2, 2018). Under Rule 702 and *Daubert*,

> [a]s a gatekeeper, this Court must permit only reliable and relevant
> testimony from qualified witnesses to be admitted as expert testimony.
> The party offering the expert testimony has the burden of proof, by a
> preponderance of evidence, to show that the testimony is reliable and
> relevant.

*Ramos v. Home Depot Inc.*, No. 3:20-cv-1768-X, 2022 WL 615023, at \*1 (N.D. Tex.

Mar. 1, 2022) (cleaned up). And "*Daubert'*s general holding – setting forth the trial

judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).

Applying this analytical framework under Rule 702 and *Daubert*, a "court may admit proffered expert testimony only if the proponent, who bears the burden of proof, demonstrates that (1) the expert is qualified, (2) the evidence is relevant to the suit, and (3) the evidence is reliable." *Galvez v. KLLM Transp. Servs., LLC*, 575 F. Supp. 3d 748, 759 (N.D. Tex. 2021).

> Expert testimony is relevant if it assists the trier of fact in understanding the evidence or determining a fact in issue. Federal Rule of Evidence 401 further clarifies that relevant evidence is evidence that has "any tendency to make a fact more or less probable than it would be without evidence" and "is of consequence in determining the action."

*Hall v. State*, No. CV H-21-1769, 2022 WL 2990912, at *4 (S.D. Tex. July 28, 2022) (cleaned up). "Relevance depends upon whether [the expert's] reasoning or methodology properly can be applied to the facts in issue." *Aircraft Holding*, 2022 WL 3019795, at *6 (cleaned up). And, "[t]o be relevant, the expert's reasoning or methodology [must] be properly applied to the facts in issue." *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th 256, 268 (5th Cir. 2022) (cleaned up).

Briner designated experts to testify about her medical condition. *See generally* Dkt. Nos. 34 & 35.

And such expert testimony could have been relevant to Briner's disparate treatment claim under the ADA, under which a fact in issue would have been whether

"she is disabled." *E.g.*, *Mzyk v. N.E. Indep. Sch. Dist.*, 397 F. App'x 13, 15 n.3 (5th Cir. 2010) (per curiam).

But the only claim remaining in this lawsuit is Briner's ADA retaliation claim based on the District's non-renewing her contract shortly after she filed a charge of discrimination and this lawsuit. *See, e.g.*, Dkt. No. 32, ¶ 90 ("Subsequent to Briner's EEOC charge, and within thirty (30) days of her filing this lawsuit on March 4, 2024, on April 15, 2024, Joshua ISD for the first time non-renewed Briner's teaching contract, terminating the employment relationship between the two parties. Briner will show this was the very type of retaliation prohibited by the ADA and the ADAAA, and she sues for retaliation.").

The "ultimate elements" of any retaliation claim, whether under the ADA or a similar statute, are "that 1) [the plaintiff] engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021) (cleaned up); *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 304 (5th Cir. 2020) (noting that the ultimate elements of an unlawful retaliation claim under the ADA are "that: (1) [the plaintiff] engaged in an activity protected by the ADA, (2) she suffered an adverse employment action, and (3) there is a causal connection between the protected activity and the adverse action" (footnote omitted)).

Consequently, whether Briner is disabled is no longer a fact in issue, as "[a]

plaintiff need not actually be disabled to prevail on a retaliation claim under the ADA." *Neubel-Johnson v. Collin Coll.*, No. 4:22-cv-1029-SDJ-KPJ, 2023 WL 10352170, at \*3 (E.D. Tex. Dec. 27, 2023) (collecting cases), *rec. adopted*, 2024 WL 1020564 (E.D. Tex. Mar. 8, 2024); *see also, e.g.*, *Butler v. Exxon Mobil Corp.*, 838 F. Supp. 2d 473, 495 (E.D. La. 2012) ("To pursue a retaliation claim, Plaintiff need not actually be disabled or a member of a protected class, but rather must have a good faith belief that the ADA or Title VII have been violated." (citing *Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 676 (5th Cir. 2008) (per curiam))).

And, so, the expert testimony that Briner intends to introduce will no longer assist the trier of fact in determining a fact still in issue in this case and should be excluded based on its lack of relevance to the reduced scope of this lawsuit.

The Court therefore GRANTS Defendant Joshua Independent School District's Motion to Exclude Testimony of Plaintiff's Experts [Dkt. No. 35].

SO ORDERED.

DATED: January 7, 2026

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE